[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of the alleged physical injuries sustained by the plaintiff, Raymond Given, as the result of being attacked and bitten by a dog which was then stabbed and killed by the said plaintiff's brother-in-law. All of this allegedly occurred in the presence, full view and sight of Raymond Given's wife, Teri Given and their two minor children, Mathew and Katherine Given, at/on or about 1 a.m. December 15, 1991. Plaintiffs, Raymond Given, Teri Given and Teri Given, p. p. a. Mathew and Katherine Given claim, inter-alia, that the occurrence described was the result of the negligence of the defendant, Frank Intino, owner of the dog, the defendant, Richard E. Claus, dog warden for the Town of Willington and the defendant, Town of Willington claiming it is liable by way of indemnity, for the actions of its employee, Richard E. Claus.
The twelfth count against the defendant, Richard E. Claus, claims for the plaintiffs, Teri, Mathew and Katherine Given, damages for emotional distress. The sixth and seventh counts against the defendant, Frank Intino, also claims for said plaintiff damages for emotional distress.
The respective defendants have moved to strike the twelfth, sixth and seventh counts of the plaintiffs' revised complaint claiming there is no cause of action under Connecticut law for bystander emotional distress.
A motion to strike challenges the legal sufficiency of a pleading; Ferryman v. Groton 212 Conn. 138, 142, 561 A.2d 432
(1989); or any count thereof. Practice Book § 152. In ruling upon a motion to strike, the court is limited to the facts alleged in the pleading, Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); and must construe those facts in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 544 A.2d 1185 (1988). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." Bouchard v. People's Bank, 219 Conn. 465,471, 594 A.2d 11 (1991). ". . . we take the facts to be those alleged in the amended complaint construed in a manner most favorable to the pleaders." Amodio v. Cunningham, 182 Conn. 80,82 (1980).
The complaint does not make it clear as to whether the emotional distress, nervous shock, etc., was caused by the said CT Page 1050 plaintiffs' concern for the safety of and injuries to the plaintiff, Raymond Given, or by their concern for their own safety from the dog, or their concern for both. If they suffered nervous shock or emotional distress from fear for their own safety, such a claim would be within the parameters of Orlo v. Connecticut Co.,128 Conn. 231, 239 (1941) which held that ". . . where it is proven that negligence proximately caused fright or shock in one who is within the range of ordinary physical danger from that negligence, and this in turn produced injuries such as would be elements of damage had a bodily injury been suffered, the injured party is entitled to recover." Orlo, supra, was cited in Strazza v.McKittrick, 146 Conn. 714, 718-19, (1959) that there could be recovery for fright or shock caused by fear of injury to oneself.
In Orlo, supra, the plaintiff, passenger, was in an automobile which was struck by a live electric trolley wire that had broken due to the negligence of the trolley car operator. The court held that actual physical injury does not have to be proven in order to recover for nervous shock. The factual situation is similar to the instant case. The drive of the automobile stepped to the ground and received an electric shock and was thrown to the ground suffering injuries. The passenger "continued to sit in the automobile, with the wires flashing, spitting and hissing about it." If the claim in the instant case is that the wife and children suffered nervous shock and emotional distress from fear that the dog which attacked Raymond Given was likely to attack them, then this fear was for their own safety. They were clearly within the range of ordinary physical danger, and nervous shock and emotional distress would have resulted if they had suffered bodily injury from an attack upon them by the dog.
As stated, in considering a motion to strike, the court must construe the facts alleged most favorable to the pleader, in this case the plaintiffs. That includes ". . . under the express andimplied allegations in the plaintiffs' complaint." Bouchard v.People's Bank, supra. emphasis added.
Following these principles, the court concludes that the plaintiffs' complaint does include allegations that the nervous shock, emotional distress was caused, at least in part by fear of injury to themselves. Therefore, under Orlo, supra, there is a stated cause of action in each of the subject three counts and for that reason alone, the motions to strike such counts are denied.
However, since all parties have, in their briefs, addressed CT Page 1051 the issue of bystander emotional distress when it results from witnessing of the occurrence of the infliction of another persons injuries but not necessarily out of fear by the bystanders for their own safety, the court will also address that issue as described in the briefs.
The Connecticut Supreme Court has addressed the issue of recovery for bystander emotional distress on three occasions:Strazza v. McKittrick, 146 Conn. 714, 156 A.2d 149 (1959); Amodiov. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980); and Maloney v.Conroy, 208 Conn. 392, 545 A.2d 1059 (1988). However, none of these cases are factually in point with the instant case. Maloney,
supra, is clearly limited to a medical malpractice situation. The court went to considerable length, pp. 402-404, to point out the detrimental consequences to the community of a cause of action for bystander emotional distress in a medical malpractice situation. These include the likely substantial curtailment of the extent of visitation of patients and the likely diversion of medical attention or resources to accommodate the concerns and, sensitivities of others such as visitors or bystanders.
Amodio, supra, is also a medical malpractice situation, and was decided against the plaintiff because ". . . the liability for emotional distress suffered by a witness to alleged negligence . . . (requires) that the plaintiff observe a negligent act contemporaneously causing injury to the third party." ". . . we note that the allegations of the complaint indicate that the injuries suffered by the plaintiff's child became manifest over a considerable period of time after the alleged negligence of the defendants occurred." Amodio, supra at pp. 92 and 93. That factual situation is inapposite to the factual situation in the instant case as it pertains to the basis of the decision in Amodio,
supra.
Thus, we come to the case of Strazza v. McKittrick, supra, the first of the three Connecticut cases dealing with the issue as described in the briefs of bystander emotional distress. Strazza
is not factually in point. Strazza, supra, held that the plaintiff mother ". . . . cannot recover for nervous shock resulting fromfear of injury to her child." emphasis added. Strazza, supra, at pg. 719. In Strazza, supra, the plaintiff did not witness any injury to anyone, including her son. She was upstairs in her home when the truck crashed into the porch on the first floor and she became emotionally upset from fear of what might have happened to her son if he had been on the porch. In the instant case, the CT Page 1052 plaintiffs actually witnessed the dog's attack on their husband/father. It is true that in Strazza, supra at pg. 719, there was a comment that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Amodio, supra and Maloney, supra have allegedly interpreted Strazza, supra. However, the interpretations are not that clear, which is no doubt the reason there is such a split of authority among Superior Court judges on this issue in Superior Court decisions. On page 402 of Maloney, supra, the court refers to the position it "articulated in Strazza" supra, citing the aforementioned language on page 719 as to the "sight of injury . . . . to another." Yet on page 394 of Maloney, supra, Justice Shea, who also wrote the Strazza decision, stated, in referring toStrazza, that ". . . . we held unequivocally that a mother could not recover for `nervous shock resulting from fear of injury to her child.'" emphasis added. In this sentence the court limits the holding in Strazza, supra, to fear rather than sight and fear. Later, the court refers to its "dalliance with the Dillon guidelines." From all of this, this court concludes that there is no clear or comprehensive interpretation of Strazza, supra, by the Supreme Court. The bar in Strazza, supra, applies only to the fear
of injury to a family member. What is clear is that neitherStrazza, Amodio, nor Maloney, are factually on point to the instant case. Further, the comment in Strazza, supra, concerning emotional distress caused by the sight of injury is only dictum, "An expression in an opinion which is not necessary to support the decision reached by the court." Ballentine's Law Dictionary Third Edition.
This court, therefore, concludes that a cause of action for bystander emotional distress under the circumstances of this case is not barred and is permitted in Connecticut. However, it should have the limitations as expressed in Dillon v. Legg,69 Cal.Rptr. 72, 441 P.2d 912,915, 920 (1968). Dillon, supra, states that the right to recover should be based upon "the neutral principles of foreseeability, proximate cause and consequential injury that generally govern tort law." The Dillon court articulated a three-prong test to be utilized in determining whether, in a given case, the plaintiff's injury was so foreseeable as to give rise to a duty owed by the negligent defendant.
 "(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away, from it;
CT Page 1053
 (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence and;
 (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. "
Id., 920.
With these limitations, an expansion of the principle of tort law that "a tortfeasor takes his victim as he find him" may be appropriate. The victim should be taken as including his close relatives who were present and witnessed the incident.
The revised complaint in the instant case alleges facts to fulfill the Dillon requirements. Plaintiffs were present at the scene, the emotional distress resulted from their sensory and contemporaneous observance of the incident, and the plaintiffs were closely related to the victim. They couldn't be closer than husband and children.
Accordingly, this court holds that Counts Six, Seven and Twelve do state a valid cause of action. The motions to strike them are denied.
Rittenband, J.